# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: C.S.**

**No. 14-0051** (Cabell County 12-JA-25)

**FILED**

June 16, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel David R. Tyson, appeals the Circuit Court of Cabell County's November 6, 2013, order terminating her parental rights to the child, C.S. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael L. Jackson, filed its response in support of the circuit court's order. The guardian ad litem, Robert E. Wilkinson, filed a response on behalf of the child supporting the circuit court's order and filed a supplemental appendix. On appeal, petitioner alleges that the DHHR failed to make reasonable efforts to achieve reunification of the family and that the circuit court erred in finding there was no reasonable likelihood she could substantially correct the conditions of abuse and neglect in the near future.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2012, the DHHR filed an abuse and neglect petition alleging that petitioner struck her child in the head and otherwise engaged in domestic violence with the father in the child's presence. The petition also alleged that petitioner was criminally charged with domestic battery on the child as a result of the incident. Petitioner ultimately stipulated to abuse and neglect insofar as she engaged in domestic violence in the child's presence and had become incarcerated, leaving her unable to provide the child with suitable care. Petitioner was granted a post-adjudicatory improvement period on August 8, 2012.

The DHHR alleges that thereafter, on March 13, 2013, petitioner was charged with possession with intent to distribute a controlled substance, specifically amphetamines, and with making a false statement to law enforcement. These were new charges for which petitioner was again incarcerated. Thereafter, a notice of intent to terminate petitioner's parental rights was filed and the matter was set for disposition.

On October 30, 2013, the circuit court held a dispositional hearing, finding that petitioner had been incarcerated for the majority of the case and could not provide the child with a safe and suitable home. At the time of the hearing, petitioner was on home incarceration for unrelated criminal charges and was living in the home of persons deemed unfit to be around children. The

1

circuit court then terminated petitioner's parental rights. It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court terminating petitioner's parental rights. To begin, it is clear that the DHHR made reasonable efforts to reunify petitioner with the child. Petitioner's argument on this issue is premised upon an alleged failure by the DHHR to enter the unified child and family case plan ("Plan") within thirty days of the inception of the improvement period, as required by West Virginia Code § 49-6D-3(a). However, the record is clear that the Plan was entered on June 26, 2012, approximately two months prior to the circuit court awarding her an improvement period. As such, petitioner's argument on this issue is without merit.

Petitioner additionally alleges that the DHHR failed to make reasonable efforts at reunification because the Plan did not address any services designed to remedy her alleged psychological issues. While it is true that the circuit court's dispositional order included a finding that petitioner "suffers from untreated significant mental illness," there is no evidence in the record to support this finding or the allegation that the DHHR failed to offer services designed to remedy this condition. In fact, the only evidence in the record regarding petitioner's alleged mental health issues indicates that she does not suffer from any psychosis. The guardian's supplemental appendix includes a forensic psychiatric evaluation performed on petitioner in regard to one of her pending criminal actions and submitted to the circuit court in the abuse and neglect proceeding as evidence at disposition. In that evaluation, it was noted that the mental health issues with which petitioner presented were the result of malingering.

Further, petitioner's alleged mental health issues did not form the basis of the DHHR's petition for abuse and neglect and, accordingly, were not one of the subject conditions of abuse and neglect that petitioner needed to remedy in order to achieve reunification with the child. It is undisputed that the DHHR provided other services designed to remedy the underlying conditions of abuse and neglect, including parenting and adult life skills classes. As such, we find that the

2

DHHR did make reasonable efforts to achieve reunification, and the circuit court did not err in finding the same.

As to the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected, the Court finds no error in this regard. Petitioner argues that she was cooperating with services and sought help to remedy the conditions of abuse and neglect, but provides no evidence in support thereof.[1] At disposition, the circuit court noted that petitioner failed to complete the terms of her Plan, had been incarcerated for the majority of the approximately one and a half years that the case was pending, and the conditions of abuse and neglect present at the case's inception were still present. Further, petitioner had no suitable home for the child because she was then residing with her mother and stepfather as a condition of her home incarceration. According to the circuit court, petitioner reported that her mother abused her as a child and manufactured methamphetamines.

Pursuant to West Virginia Code § 49-6-5(b)(3), when a parent has

not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[,]

then there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected. Based upon the circuit court's findings outlined above, it is clear that petitioner failed to follow through with the Plan and that the conditions of abuse and neglect continued to persist throughout every stage of the proceedings below. In fact, it is undisputed that during the pendency of the proceedings below, petitioner was charged with multiple crimes related to her ongoing issues with substance abuse. As such, the circuit court did not err in finding that there was no reasonable likelihood the conditions of abuse or neglect could be substantially corrected, or in finding that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court and its November 6, 2013, order is hereby affirmed.

Affirmed.

---

[1]Petitioner's appendix contains only the order accepting the father's voluntary relinquishment of parental rights, the dispositional order terminating her parental rights, and the circuit court docket sheet for the abuse and neglect proceeding.

**ISSUED**: June 16, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II